UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-208-GWU

WILLIAM HOWARD,                                               PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

## INTRODUCTION

William Howard brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.   Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.   Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.   Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

07-208  William Howard

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1)

3

> whether objective medical evidence confirms the severity of the
> alleged pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

07-208  William Howard

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

07-208  William Howard

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

6

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Howard, a 34-year-old former gas station attendant with a "limited" education, suffered from impairments related to thoracolumbar strain with chronic pain, substance abuse disorder, and an adjustment disorder with depressed mood.  (Tr. 14, 16, 19).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 19-20).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 21-22).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

07-208  William Howard

The hypothetical question presented to Vocational Expert Donald Woolwine included an exertional limitation to medium level work restricted from a full range by such non-exertional limitations as (1) the ability to sit restricted to no more than six hours in an eight-hour day; (2) the ability to stand or walk restricted to six hours in an eight-hour day; (3) an inability to ever climb ladders or scaffolds; (4) an inability to more than occasionally stoop or crawl; (5) a restriction to no more than frequent bilateral overhead reaching; (6) a need to avoid concentrated exposure to cold and vibration; and (7) a "moderately" limited ability to carry out detailed instructions, interact appropriately with the general public, and to respond appropriately to changes in the work setting.  (Tr. 387-388).  In response, Woolwine reported that such a person could not perform medium level work, which would preclude Howard's past relevant work.  (Tr. 388).  However, the expert identified a significant number of light level jobs which could still be done.  (Id.).  Therefore, assuming that the vocational factors considered by Woolwine fairly characterized the plaintiff's condition, then a finding of disabled status, within meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error.  Dr. Kip Beard examined Howard in March of 2005.  Dr. Beard reviewed the notes of Dr. John Gilbert which revealed an assessment of cervical strain and sprain, thoracic strain and sprain, lumbar strain

and sprain, sciatica, nerve root injury, and muscle spasms.  (Tr. 176).  The doctor's physical examination revealed no limitation of cervical spine motion.  (Tr. 178). Examination of the dorsolumbar spine revealed no tenderness or spasm. (Id.).  The physician found no range of motion abnormalities.  (Id.).  Neurological examination revealed no sign of weakness and sensation was intact.  (Id.).  The neurological examination revealed no signs of radiculopathy.  (Tr. 179).  Straight leg raising was negative.  (Id.).  With regard to his history of concussion, the examiner indicated his findings were neurologically unremarkable.  (Id.).  Dr. Beard reported an impression of thoracolumbar strain with chronic thoracolumbar pain, right jaw fracture and a history of concussions with memory problems.  (Id.).  Dr. Beard opined that the plaintiff would have only "minimal" limitation for sitting, standing, moving about, lifting, carrying or prolonged traveling.  (Id.).  The ALJ's findings were compatible with these restrictions.

The record was reviewed by Dr. Ron Brown (Tr. 180-188) and Dr. Alexis Guerrero (Tr. 41, 213-221).  Each reviewer opined that Howard would be restricted to medium level work, restricted from a full range by an inability to ever climb ladders, ropes or scaffolds, an inability to more than occasionally stoop or crawl, a limited ability to reach overhead, and a need to avoid concentrated exposure to cold and vibration.  The ALJ's findings were also essentially consistent with these restrictions.

07-208  William Howard

Such treating and examining sources as the staff at the Paul B. Hall Regional Medical Center (Tr. 147-159, 271-353), Dr. John Gilbert (Tr. 160-168), and Dr. Laura Hazeltine (Tr. 263-270) did not report the existence of more severe physical restrictions than those found by the ALJ.   These reports, along with the aforementioned findings of Dr. Beard and the medical reviewers provide substantial evidence to support the administrative decision on the issue of Howard's physical condition.

Deborah Hatfield, a nurse-practitioner at the Justice Medical Center, indicated that Howard would be restricted to less than a full range of light level work. (Tr. 366-367).  In particular, Hatfield imposed extremely severe restrictions on sitting and standing/walking, noting that each of these activities was limited to less than three hours a day.  (Tr. 366).  The ALJ addressed this opinion but rejected it based on other evidence from other examining and treating sources as well as the opinions of the medical reviewers.  (Tr. 19).  This action was appropriate.  Under the federal regulations, Hatfield as a nurse-practitioner, was not an "acceptable medical source" whose opinion could be found binding on the ALJ.  20 C.F.R. § 416.913. The plaintiff notes that Social Security Ruling 06-3p indicates that an ALJ can give controlling weight to the opinion of a "non-medical source" such as a nurse-practitioner, and that such an opinion can be found to outweigh that of an "acceptable medical source."  However, the Ruling does not require that the opinion

10

of one who is not an "acceptable medical source" be given controlling weight and these opinions remain non-binding.  In the present action, the ALJ addressed the issue and provided reasons why he rejected Hatfield's opinion.  Therefore, the court finds no error.

Howard notes that Exhibit 20f (Tr. 249-257) contains an August 19, 2005 MRI Scan of his lumbar spine which was not seen by Dr. Beard or Dr. Brown.  While Dr. Guerrero might have seen it during his September, 2005 review, she makes no mention of the MRI.  The MRI Scan revealed that a right lateral disc extrusion was affecting the right L5 nerve root and foraminal stenosis on the left at L4-L5.  (Tr. 254).  The plaintiff asserts that the ALJ should not have relied upon the opinions of examiners and reviewers who did not see this MRI Scan.  However, despite not seeing the MRI Scan, Dr. Beard reported normal range of motion in the back, arms and legs, found no weakness in the muscles and reported that sensation was intact.  (Tr. 177-178).  No "acceptable medical source" identified more severe physical restrictions than those found by the ALJ.  Therefore, under these circumstances, the court finds no error.

The ALJ also dealt properly with the evidence of record relating to Howard's mental status.  Howard sought treatment for his mental problems at the Mountain Comprehensive Care Center upon referral after a drug overdose in January of 2005.  (Tr. 192).  The claimant was diagnosed as suffering from a major depressive

disorder and alcohol abuse.  (Tr. 195).  Specific mental restrictions were not identified by the staff.  (Tr. 189-197).

Psychologist Barry Adkins examined Howard in March of 2005.  Adkins administered intelligence testing but the results were not considered valid.  (Tr. 172).  The examiner ultimately noted a diagnostic impression of malingering, an adjustment disorder with depressed mood, a history of substance dependence, and anti-social personality.  (Tr. 173).  Adkins vaguely indicated that personality factors and his depressive orientation would have an impact on his ability to handle supervisory pressures.  (Id.).

In determining Howard's mental limitations, the ALJ relied heavily upon the opinion of Psychologist Ann Hess, a non-examining medical reviewer.  Hess opined that the plaintiff would be "moderately" limited in such areas as carrying out detailed instructions, interacting appropriately with supervisors, and setting realistic goals or making plans independently of others.  (Tr. 224-225).  The mental factors of the hypothetical question were essentially consistent with these limitations.  Hess indicated that to the extent that Adkins might suggest the existence of more severe mental restrictions, his opinion was not entitled to full weight because of the malingering behavior of the plaintiff during the examination.  (Tr. 226).  Treatment records suggested that his depression had improved with medication.  (Id.).  Hess also noted that the claimant's reports concerning his activities of daily living did not

07-208  William Howard

indicate a disabled person.  (Id.).  An ALJ may rely upon the opinion of a non-examining source over that of an examiner when the non-examiner clearly states the reasons for her differing opinion.  Barker v. Shalala, 740 F.2d 789, 794 (6th Cir. 1994).   Therefore, this opinion provides strong support for the administrative decision.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously with this opinion.

This the 24th day of July, 2008.

Signed By:

G. Wix Unthank

United States Senior Judge